UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
_____

Sharon Mack,                                        Court No. 11-cv-502

      Plaintiff,

vs.                                                **COMPLAINT**
                                                   *(Jury Trial Demanded)*

Woolrich, Inc.,
a Pennsylvania corporation,

      Defendant.
_____

*COMES NOW*, the Plaintiff, Sharon Mack ("Mack"), for her claims against Defendant, Woolrich, Inc. ("Woolrich"), stating and alleging as follows:

**PARTIES AND JURISDICTION.**

1. Mack is a citizen of the State of Wisconsin, with her home and principal place of business located in Sauk City, Wisconsin. Mack is an independent sales representative, working on a commission basis, marketing and selling the products of manufacturers and importers in the clothing and accessory industries. Mack is an "independent sales representative" as that term is defined by Wis. Stat. §134.93(1)(b).

2. Defendant, Woolrich, is a Pennsylvania citizen and corporation with its principal place of business located in Woolrich, Pennsylvania. Woolrich is in business as a manufacturer of men's and women's sportswear and casual clothing, blankets, and bedding.

3. At all times relevant to this complaint, Woolrich has had a contractual relationship with Mack, a citizen of the State of Wisconsin. Defendant has also enjoyed the substantial benefits of Mack's efforts, selling its products in a multi-state territory,

1

which at all times included the State of Wisconsin. Moreover, as a result of Mack's efforts on its behalf, Woolrich has enjoyed millions of dollars in sales of their products, a significant portion of which was to retail store accounts with their buying offices located in the State of Wisconsin or with retail stores located in the State of Wisconsin. As a result, the Court's exercise of personal jurisdiction over Defendant is proper.

4. Because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, this Court's exercise of subject-matter jurisdiction is proper, pursuant to 28 USC §1332.

5. Because this Court has personal jurisdiction over Defendant and many of the events giving rise to the allegations and claims in this case arose out of events transpiring in the State of Wisconsin and this district, venue is also proper, pursuant to 28 USC §1391(a).

6. Pursuant to Fed.R.Civ.P. 38, Mack demands a trial by jury on all counts of this complaint to which such a trial is available.

**FACTS COMMON TO ALL COUNTS.**

7. On or about November 24, 2001, Woolrich hired Mack to work as its independent sales representative. The parties agreed that Mack would sell Woolrich's products to retail accounts in a territory consisting of Wisconsin and the Upper Peninsula of Michigan. In exchange for these services, Woolrich agreed to pay Mack a variable commission of between 2% and 7% on all business written to retail store accounts in Mack's assigned territory. The terms of the parties' relationship were contained in a written Sales Representative Agreement that was signed by both parties (the "2001 Contract").

8. Under the terms of the 2001 Contract, the agreement was to expire of its own accord on November 24, 2004. The 2001 Contract contained no provision for its automatic renewal, nor did it contain any other provision stating that its terms would govern the parties' post-expiration business relationship.

9. On May 31, 2003, during a telephone conversation, Woolrich's vice-president of sales and Mack came to an oral agreement that Mack's territory would be expanded to include the states of Illinois and Iowa, effective approximately October 1, 2003.

10. In November 2003, Woolrich sent Mack a written addendum to the 2001 Contract outlining Mack's enlarged territory; but this addendum failed to include a provision regarding Mack's right to sell private-label Woolrich products to Harley Davidson.

11. On November 6, 2003, Mack advised Woolrich that the proposed addendum to the 2001 Contract was incorrect, incomplete and that she would not sign it. Mack received no response from Woolrich, and neither party ever executed the addendum.

12. On November 24, 2004, the 2001 Contract expired by its own terms and ceased to exist.

13. After the expiration of the 2001 Contract, Mack continued to work as Woolrich's independent sales representative without a written agreement.

14. In July 2005, Woolrich's national sales manager told Mack orally that Woolrich was removing the Upper Peninsula of Michigan from her territory. Woolrich

never sent Mack any written contract reflecting this revision to her territory and to the parties' unwritten sales representative agreement.

15. In August 2007, Woolrich's vice-president of sales told Mack orally that Woolrich was expanding her territory to include the states of Minnesota, North Dakota, and South Dakota, but it was removing Illinois from her territory. Again, Woolrich never sent Mack any written contract reflecting this modification of the parties' unwritten sales representative agreement.

16. In approximately May 2008, Woolrich's vice-president of sales sent Mack a new, proposed written contract, with a term of three years and a commission schedule that would pay Mack a variable commission of between 1% and 9% on the net shipped value of goods sold in her territory (the "2008 Draft Contract").

17. Mack advised Woorich that the proposed 2008 Draft Contract erroneously defined her territory as consisting only of Wisconsin, Iowa and Illinois, and because the proposed contract was incomplete and inaccurate, she would not sign it.

18. In approximately October 2009, Mack received a communiqué from Woolrich reminding her that she had not signed and returned the 2008 Draft Contract. Mack again advised Woolrich that the 2008 Draft Contract was incorrect and incomplete and that, as a result, she could not agree to it or sign it. Mack received no reply from Woolrich, and the parties never executed the 2008 Draft Contract.

19. In approximately February 2010, Woolrich's vice-president of sales sent Mack another proposed, written Sales Representative Agreement (the "2010 Draft Contract"). This proposed contract was also defective in that it failed to include a

schedule detailing the commission rate applicable to sales made by Mack of Woolrich products.

20. Mack again advised Woolrich that because this proposed contract was incomplete and inaccurate she could not agree to its terms and would not sign it. Mack received no response from Woolrich, and the parties never signed the 2010 Draft Contract.

21. During the course of the parties' long relationship, Mack worked diligently to market and sell Woolrich's products, and was remarkably successful in doing so. This is reflected by the fact that, at the beginning of the parties' relationship, Woolrich had only $300,000.00 in annual sales in Mack's territory, but by 2010 Mack had grown that annual business to approximately $10 Million in sales, for which she earned approximately $425,000.00 in commissions. As further evidence of her success, Woolrich named Mack its Sales Representative of the Year in October 2009.

22. Despite her demonstrated success at building a multi-million dollar market for Woolrich's products, on or about October 18, 2010, Woolrich terminated Mack, effective November 19, 2010. By its action, Defendant unilaterally eliminated Mack from the territory, and usurped all benefit of the substantial business Mack cultivated with her customers for Woolrich's products.

23. Had Woolrich provided Mack the proper notice of termination as required by Wis. Stat. §134.93—which it did not—Mack would have procured and finalized her sales of Woolrich products to be shipped for the balance of the 2010 and 2011 selling seasons.

24. Woolrich has failed to pay Mack any commissions for sales made in her territory after November 18, 2010.

## COUNT I.
## VIOLATION OF WISC. STAT. §134.93.

25. Mack reasserts each and every allegation contained in complaint paragraphs 1 through 24 as if fully restated herein.

26. Mack is an "independent sales representative" as that term is defined by Wis. Stat. §134.93(1)(b).

27. By its termination of Mack, without the notice required by Wis. Stat. §134.93, Woolrich has violated Wisconsin law, and its termination of Mack is legally ineffective.

28. Had Woolrich provided Mack with the pre-termination notice mandated by Wisconsin law, she would have had the opportunity to continue selling Woolrich products to her retail store accounts through January 18, 2011. Had Woolrich complied with Wisconsin law, Mack would have secured sales, orders and programs with her retail store accounts for the shipment of Woolrich products for the balance of the 2010 and 2011 selling seasons. As a direct and proximate result of Woolrich's violation of Wisconsin law, Mack has suffered compensatory and consequential damages, in the form of lost commissions, for the 2010 and 2011 selling seasons, and these lost commissions will total more than $450,000.00.

29. Alternatively, because Woolrich's termination of Mack was done in violation of Wisconsin law and legally ineffective, Mack has incurred and is entitled to damages in the form of lost commissions on all orders, programs and sales placed by Woolrich in her territory from November 18, 2010 until such time as she is terminated in

a fashion consistent with Wisconsin law. Upon information and belief, these additional lost commission damages total an additional $450,000.00 and continue to accrue.

30. Woolrich's failure to pay Mack the commissions described above constitutes an additional violation of Wis. Stat. §§134.93(2)–(4), and these unpaid commission damages are subject to the exemplary damages mandated by Wis. Stat. §134.93(5) in an amount equal to 200% of the amount due and unpaid.

WHEREFORE, Mack respectfully requests the Court enter an order for judgment, in her favor, for the following relief:

1. An award of compensatory and consequential damages to Mack, against Woolrich, in the form of lost commissions, for Defendant's violation of Wis. Stat. §§134.93(2)–(5), in an amount to be determined at trial, but which will likely exceed $75,000.00;

2. An award of exemplary damages to Mack, against Woolrich, in the amount of 200% of the amount of commissions owed to Mack, as provided by Wis. Stat. §134.93(5).

3. An award of Mack's costs, disbursements, statutory interest and attorneys' fees, against Woolrich, per Wisc. Stat. §134.93(5) or as otherwise allowed by law; and

4. Such further relief as the Court deems just and reasonable.

                                          Respectfully Submitted:

Dated: July 19, 2011.         **D. CLAY TAYLOR, P.A.**

                                        By:   /s D. Clay Taylor, Esq.
                                                   D. Clay Taylor
                                                   Josiah R. Fricton
                                                   1300 Nicollet Mall, Suite 5002
                                                   Minneapolis, MN 55403
                                                   Phone (612) 904-7376
                                                   Fax (612) 904-7377

                                        *ATTORNEYS FOR PLAINTIFF*
                                        *SHARON MACK*